■　Anna Holl et al., Appellants, v. State of New York, Respondent. (Claim No. 44134.) — Reynolds, J. Appeal by the claimants from a judgment of the Court of Claims awarding them $2,151.90, plus interest, for an appropriation made pursuant to section 30 of the Highway Law. Involved is the appropriation by the State of 2.391 acres from a roughly 18 acre parcel located on the north side of Route 28 about one mile east of Eagle Bay in Hamilton County. Claimants additionally own 7½ acres on the adjacent south side of Route 28 but that is not here directly involved. The trial court, while rejecting the valuations advanced by claimants' experts premised on subdivision of the property into building lots on the basis of *Hewitt* v. *State of New York* (18 A D 2d 1128) and *Barra* v. *State of New York* (22 A D 2d 750), found that the highest and best use of the land would be for potential development purposes upon providing a suitable access road to the property and thus that an increment in value was appropriate considering this potential use. On this basis the court found a fair market value of $900 per acre for the property taken. Appellant disputes the award contending that the best and highest use was residential subdivision development, that the lot and front foot method used by their expert was proper and should have been accepted by the trial court because the *Hewitt* and *Barra* decisions have not been recognized in this department and in any event are not applicable to the instant case, that the trial court erred in its failure to award consequential damages and lastly that the integrated form of the award was not proper. We cannot agree with any of these contentions except the last. Clearly the trial court could utilize the rationale of *Hewitt* and *Barra* in cases arising in this department

(see *Clearwater* v. *State of New York*, 28 A D 2d 936; *Golden Park Realty* v. *State of New York*, 28 A D 2d 605; *Fort Amherst Realty Co.* v. *State of New York*, 27 A D 2d 582), and we see no reason to disturb the trial court's factual decision as to use and the existence of consequential damages. However, the appellants correctly point out that the trial court should have set out the found acreage value and found increment rather than just a final per acre figure in order that this court could intelligently review those determinations (*Clearwater* v. *State of New York, supra*; *Golden Park Realty* v. *State of New York, supra*, p. 606). Accordingly, the case must be returned to the Court of Claims so that such findings may be made. Determination of appeal withheld, and case remitted to the Court of Claims for further proceedings not inconsistent herewith. Upon the making of new or additional findings by the Trial Judge, and the filing of the record thereof in this court, the case will be restored to the calendar. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.